834 July 9, 2025 No. 631

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID ALLEN UNDERHILL,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR41553; A182839

Ann M. Lininger, Judge.

Submitted May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for first-degree arson, ORS 164.325, entered after a bench trial. He raises one assignment of error, arguing that the trial court erred when it denied his motion for a judgment of acquittal (MJOA). We affirm.

"[W]e review the trial court's denial of a motion for judgment of acquittal to determine whether, after viewing the facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Cassidy*, 331 Or App 69, 73, 545 P3d 203, *rev den*, 372 Or 763 (2024) (internal quotation marks omitted). "Where a trial court's denial of a motion for judgment of acquittal involves a question of statutory interpretation, we review that interpretation for legal error." *Id.* at 72 (internal quotation marks omitted).

The state charged defendant with two counts of first-degree arson, ORS 164.325. As relevant here, Count 2 alleged:

"The defendant, on or about August 27, 2023, in Clackamas County, Oregon, did unlawfully and intentionally damage protected property of another by starting a fire; to-wit: forestland."

Defendant waived his right to a jury trial, and the charges were tried to the court. At trial, defendant moved for a judgment of acquittal on both counts and the trial court denied the motion. The court acquitted defendant of Count 1 and found him guilty of Count 2.

On appeal, defendant argues that the trial court erred when it denied his MJOA because "the state failed to prove the 'property' element" of the crime. Specifically, he argues that the state "did not present any evidence regarding the 'market value' of the land or items burned." The state responds that the trial court did not err because "[w]hen, as here, a defendant is charged with intentionally setting fire to *protected* property—such as forestland—the state does not need to prove value because 'protected property' is a separately defined term that does not reference value." (Emphasis in original.) We agree with the state's argument.

To support a conviction on Count 2, the state was required to prove, among other elements, that defendant intentionally damaged the "[p]rotected property of another." ORS 164.325(1)(a)(A). "'Protected property' means any structure, place or thing customarily occupied by people, including *** 'forestland,' as defined by ORS 477.001." ORS 164.305(1). In turn, "forestland" means

> "any woodland, brushland, timberland, grazing land or clearing that, during any time of the year, contains enough forest growth, slashing or vegetation to constitute, in the judgment of the forester, a fire hazard, regardless of how the land is zoned or taxed."

ORS 477.001(9).

We have reviewed the record and conclude that the trial court did not err when it denied the MJOA. Here, the county forester, who "manage[s] all the Clackamas County timberlands and the health of the forest and parks," testified that he visited the land in question and that it belonged to Portland General Electric. The following exchange concerning the definition of "forestland" in ORS 477.001 then occurred:

> "[THE PROSECUTOR]:   Have you read that before?
>
> "[THE FORESTER]:   I have.
>
> "[THE PROSECUTOR]:   Okay. So it's saying that for-estland means, 'Any woodland, brushland, timberland, grazing land or clearing that during any time of year con-tains enough forest growth, slashing, vegetation to consti-tute, in the judgment of the Forester, a fire hazard regard-less of how the land is zoned or taxed.' This area that you observed, *** is that a woodland, brushland, timberland, grazing land or clearing?
>
> "[THE FORESTER]:   Yes."

Viewing those facts in the light most favorable to the state, we conclude that the evidence was legally sufficient for a rational trier of fact to find that defendant damaged "pro-tected property" within the meaning of ORS 164.325(1)(a) (A). The trial court did not err.

Affirmed.